# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEVEN IVEY,**

        **Plaintiff,**

-vs-                                                  Case No. 6:11-cv-1776-Orl-22DAB

**RONALD BLOCKER,**
**SUPERINTENDENT, ET. AL, TED PRICE,**
**DERREN OAKS, JOSEPH MCCOY, ALEX**
**HIDELBERG, CATHERINE VAN KIRK,**
**ROSE KELLAM, ORANGE COUNTY**
**PUBLIC SCHOOLS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **November 8, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

    Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th

Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

Here, in confusing allegations with copious attachments, Plaintiff, a white male, asserts that he "was discriminated and retaliated against during the training and testing of the defendants, Derren

Oaks, white male, and Ted price, Hispanic male," during the commercial driving license training course at Mid Florida Tech, alleged to be part of the Orange County Public Schools. Plaintiff is unhappy with the "MFT CDL program through the AWI" which appears to be connected to the various Defendants. Plaintiff seeks damages for:

> (a) Loss in consortium from creating a hostile training environment and change in relations of normal trust of an educational process.
> (b) Unfairly prevented the plaintiff from course certification, CDL DMV completion, and employment opportunities, all affecting earning capacity. This includes efforts to other unintended work and future security.
> (c) Failure to take corrective measures to properly investigate and to take corrective action that generated undue cost to the plaintiff for pursuit of CDL training and certification.
> (d) The collective perpetuated prejudicial and biased treatment towards the plaintiff in a continual manner that had a compounding effect to negate any pursuit of a reasonable claims. Similarly, for additional harm from process.
> (e) Generated distress from course actions and undue processing.

(Doc. No. 1 at pp.14-15).

The Court assumes Plaintiff is attempting to plead a federal cause of action for discrimination as he cites to "the Civil Rights Statute 42 USCS § 2000e; Title VII of the Civil Rights Act of 1964; and Civil Rights Reform Act of 1978, and 1994." Title VII of the 1964 Civil Rights Act makes it unlawful for an *employer* to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(emphasis added). As recently stated by the Eleventh Circuit:

> A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 997–98, 152 L.Ed.2d 1 (2002). But complaints alleging discrimination still must meet the "plausibility standard" of *Twombly* and *Iqbal*.

*Henderson v. JP Morgan Chase Bank, N.A.,* No. 10-13286, 2011 WL 3362682, 2 (11th Cir. Aug. 4, 2011).

Applied here, the Complaint does not sufficiently identify a plausible basis for such relief against the named Defendants, none of whom are alleged to be Plaintiff's employer or potential employer. There is no allegation that the mistreatment Plaintiff alleges he suffered while taking the course was an adverse employment action, nor that any of the alleged mistreatment was due to his race. To the extent Plaintiff is asserting a retaliation claim, a claim of retaliation under Title VII "requires an allegation that the adverse employment action is the result of making a Title VII charge or participating in Title VII enforcement proceedings, or opposing any discriminatory practice." *Valentine v. Legendary Marine FWB, Inc.,* No. 3:09-cv-334-MCR-EMT, 2010 WL 1687738, at 4 (N.D. Fla. April 26, 2010), citing 42 U.S.C. § 2000e-3(a). No such allegation is made here.

While there may be some other cause of action here, as Plaintiff alludes to taking the course as part of a federal Workforce Investment Act, Plaintiff has failed to identify his claim or any source of his claimed rights sufficiently to state a cognizable claim. As the Complaint does not meet the pleading standard, it should be dismissed.

Although the Complaint is insufficient to allow pauper status, it is possible that it can be amended to cure the deficiencies noted herein. It is therefore **respectfully recommended** that the motion be **denied, without prejudice,** and the Complaint be **dismissed**, **without prejudice** to the filing of an Amended Complaint which states a viable cause of action, and either payment of the filing fee or the filing of a completed Affidavit for pauper status, both within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 29, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy