# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVEN IVEY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　Case No. 6:11-cv-1776-Orl-22DAB

**RONALD BLOCKER,
SUPERINTENDENT, ET. AL, TED PRICE,
DERREN OAKS, JOSEPH MCCOY, ALEX
HIDELBERG, CATHERINE VAN KIRK,
ROSE KELLAM, ORANGE COUNTY
PUBLIC SCHOOLS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO AMEND COMPLAINT (Doc. No. 8)**
>
> **FILED:**       **January 3, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 9)**
>
> **FILED:**       **January 3, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

As set forth in detail in prior Report (Doc. No. 3), the Complaint filed by *pro se* Plaintiff failed to identify a cognizable cause of action within the limited jurisdiction of this court. In adopting the Report, the District Court gave Plaintiff leave to file an amended complaint, "on or before January 3, 2012, that cures the pleading deficiencies identified in the Report and Recommendation." (Doc. No. 7). Instead of filing an Amended Complaint, Plaintiff filed the instant motion to amend complaint, which purports to provide additional information and support for his claims. Plaintiff also filed a renewed motion for leave to proceed in forma pauperis.

To the extent Plaintiff seeks leave to file an Amended Complaint, no such motion was necessary, as the District Court had already expressly granted permission to do so. To the extent the motion can be interpreted as amending the Complaint, it does not comply with Local Rule 4.01(a) (requiring the filing of an amended pleading in its entirety, with amendments incorporated therein). Further, it does not cure the pleading deficiencies previously noted.

To be clear, Plaintiff must identify the conduct he complains of *and* must identify the statutes, administrative rulings, or other source of the rights he claims were violated by the identified conduct. It is *not* sufficient to simply cite to agencies, departments, or general regulations, as Plaintiff does here. *See* Doc. No. 8, paragraph 36 ("In addition to the previous mentioned authorities the plaintiff is amending such to included [sic] the related EEOC regulations, and those of the U.S. Department of Labor."). As the instant papers do not meet the pleading standard, the motion to amend should be denied, to the extent the papers purport to be the amended complaint. As there is no current, operable complaint to review, the motion to proceed as a pauper is premature, and should be denied, without prejudice.

Therefore, it is **respectfully recommended** that the motions be denied, and Plaintiff be given one final opportunity to file an Amended Complaint which shall incorporate all his allegations, and

which shall adequately identify his claims, consistent with the pleading standard. The Amended Complaint should be accompanied by either the filing fee, or a renewed motion to proceed *in forma pauperis.*

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 5, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy