# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEVEN IVEY,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:11-cv-1776-Orl-22DAB**

**RONALD BLOCKER,
SUPERINTENDENT, ET AL., TED PRICE,
DERREN OAKS, JOSEPH MCCOY, ALEX
HIDELBERG, CATHERINE VAN KIRK,
ROSE KELLAM, ORANGE COUNTY
PUBLIC SCHOOLS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 14)**
>
> **FILED:**      **February 1, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be **dismissed**.

This is the most recent attempt by Plaintiff to state a cause of action against Defendants for conduct he alleges occurred while taking a commercial driver's course. Upon review, the Court finds that the Amended Complaint still fails to state a cognizable cause of action and should therefore be **dismissed.**

As noted in prior Reports, upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,*556 U.S. 662 ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e* "a

civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

Here, as in the initial Complaint (Doc. No. 1), Plaintiff, a white male, asserts that he was "discriminated and retaliated against during the training and testing of the defendants, Derren Oaks, white male, and Ted price, Hispanic male," during the commercial driving license training course at Mid Florida Tech, alleged to be part of the Orange County Public Schools. Plaintiff complains of "inconsistent and biased training" during the program, which is apparently connected to the state Agency for Workforce Innovations and federally funded (in some unspecified way). Plaintiff alleges that he complained about the alleged discriminatory treatment to the Orange County Public Schools, but Rose Kellam (employee relations) "did not properly investigate the claims." Plaintiff asserts:

> Contradictory to Civil Rights Statutes and the OCR For the U.S. Department of Education regulations, legal assistant Catherine Van Kirk supported Rose Kellam's flawed and harmful investigation. Consequently, the plaintiff forwarded the originating and collective complaints to the EEOC; the OCR for U.S. Department of Education; and the Agency for Workforce Innovations, (AWl), attachments # 15 -2 1. However, there was no reasonable action taken to correct or address any parts of the complaint. The plaintiff was not provided with any notice of any Rights to any administrative remedy, nor, consequently, judicial review.

(Doc. No. 13, allegation 54).[1]

Plaintiff, attaching copious documents, sets forth what appears to be several claims against Defendants under "Title VII, 42 U.S.C. § 2000e." Plaintiff also makes reference to unspecified "violations to regulations of the U.S. Department of Education and U.S. Department of Labor."

In prior Reports (adopted by the District Court), the undersigned noted that similar allegations did not state a cause of action against any of the Defendants, as none were alleged to be Plaintiff's employer or potential employer (Doc. No. 3). As previously noted, Title VII of the 1964 Civil Rights Act makes it unlawful for an *employer* to "fail or refuse to hire or to discharge any individual, or

---

[1] The pleading inexplicably starts with paragraph numbered 50.

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(emphasis added) (Doc. No. 3). There is no allegation that the mistreatment Plaintiff alleges he suffered while taking the course was an adverse employment action, nor that any of the alleged mistreatment was due to *his* race. To the extent Plaintiff is asserting a retaliation claim under Title VII, such "requires an allegation that the adverse employment action is the result of making a Title VII charge or participating in Title VII enforcement proceedings, or opposing any discriminatory practice." *Valentine v. Legendary Marine FWB, Inc*., No. 3:09-cv-334-MCR-EMT, 2010 WL 1687738, at 4 (N.D. Fla. April 26, 2010), citing 42 U.S.C. § 2000e-3(a). No such allegation is made here.

Moreover, although Plaintiff states that he was not provided with any notice of rights to judicial review, Plaintiff attaches a determination from the EEOC, dated February 5, 2010, advising Plaintiff that the agency was closing its file on the charge, due to "no employer-employee relationship" and advising Plaintiff of his right to sue within ninety days (Doc. No. 13-5 at p. 14). The instant action was first filed November 8, 2011. Thus, to the extent this suit purports to cover the same matters raised in Plaintiff's EEOC charge, it is untimely. Exhausting administrative remedies is a jurisdictional prerequisite to filing suit in federal court. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Under Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). "Dismissal is appropriate when the plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter, unless she shows that the delay was through no fault of her own." *Bryant v. U.S. Steel Corp*., 428 Fed.Appx. 895, 897 (11th Cir. 2011); "Courts have jurisdiction over Title VII claims only after a plaintiff (1) timely files a charge of employment discrimination with the EEOC and (2) files suit within ninety days of the receipt of the EEOC's statutory notice of right to sue." *Wright v.*

*Butts,* 953 F.Supp. 1352, 1362 (M.D. Ala. 1996). The Title VII claim is due to be dismissed, with prejudice.

To the extent the Amended Complaint may be interpreted as attempting to set forth any other cause of action, it fails to meet the pleading standard. As set forth in a more recent Report:

> To be clear, Plaintiff must identify the conduct he complains of and must identify the statutes, administrative rulings, or other source of the rights he claims were violated by the identified conduct. It is not sufficient to simply cite to agencies, departments, or general regulations, as Plaintiff does here.

(Doc. No. 10).

Notwithstanding this clear direction to specify the basis of the claim, the instant pleading does not cure this deficiency and the pleading still fails to sufficiently identify the cause of action against these Defendants. *See* Allegation 72. As such, the Amended Complaint does not state a cognizable claim, and must be dismissed.

In recommending dismissal, the Court does not find that no cause of action could possibly be stated on these (albeit poorly stated) facts. Despite the failure to identify a cause of action, the Court assumes Plaintiff may be attempting to state a cause of action under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, which provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C.A. § 2000d (1964).

In order to have standing to bring a claim against these defendants for violation of Title VI, Plaintiff must allege that 1) Defendants received federal financial assistance, 2) Plaintiff was an intended beneficiary of the program or activity receiving the assistance, and 3) Defendants discriminated against him on the basis of race, color, or national origin in connection with that

program or activity. *See Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000).[2]

Importantly, "[i]t is beyond question . . . that individuals are not liable under Title VI." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1171 (11th Cir. 2003). If this is, in fact, what the Plaintiff has in mind, Plaintiff may be able to state a cause of action against the entity receiving the federal financial assistance, if he can plead an adequate factual basis to support a claim that Plaintiff was discriminated against on the basis of his race, color or national origin.[3]

For the reasons set forth above, it is **respectfully recommended** that the motion be **denied** and the Amended Complaint be **dismissed, without prejudice** to the filing of a Second Amended Complaint which states a viable cause of action, and either payment of the filing fee or the filing of a completed Affidavit for pauper status, both within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] There is some disagreement among the courts with respect to whether a plaintiff must allege and prove that he is an intended beneficiary of the federal spending program, in order to establish standing. *See, e.g., Alasady v. Northwest Airlines Corp.,* 2003 WL 1565944 (D. Minn. Mar. 3, 2003). Resolution of that issue is for another day.

[3] Plaintiff asserts that he forwarded a complaint to the United States Department of Labor and the United States Department of Education regarding his charges. Although he claims that he has not been given any notice of rights to sue with respect to the complaints made with these agencies (Allegation 68), he attaches a letter from the Department of Education dated May 11, 2010, which notes that Plaintiff should expect to receive a final agency determination within 180 days of that letter (Doc. No. 13-5 at p. 11). To the extent he has not received a determination, he alleges that the Department of Education has "as recently as August 2011 contacted the plaintiff concerning the progress of review with the complaint" (Allegation 70). While these facts would likely preclude review under the exhaustion doctrine under Title VII, Title VI does not contain a requirement that a plaintiff first exhaust administrative remedies before filing suit. *Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190, 1200 n. 30 (11th Cir.), *cert. denied*, 500 U.S. 942, 111 S.Ct. 2238, 114 L.Ed.2d 479 (1991) (citations omitted); *see also Doe v. Garrett*, 903 F.2d 1455, 1460 (11th Cir.1990) ("[I]t is established, as a general matter, that Title VI ... does not incorporate Title VII's requirement of exhaustion of administrative remedies").

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy